917 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julia Murray RHINEHART, Defendant-Appellant.
 No. 90-5045.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 28, 1990.
Decided Oct. 29, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CR-89-334)
 J. Edward Holler, Holler, Dennis, Olive, Merry, Lengel & Garner, Columbia, S.C., for appellant.
 E. Bart Daniel, United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Julia Murray Rhinehart appeals the sentence imposed after she entered a plea of guilty to one count of bank fraud in violation of 18 U.S.C. Sec. 1344. Her plea was entered as a result of a plea bargain, and under this agreement other bank fraud charges and charges for using false Social Security account numbers were dismissed. She was sentenced under the U.S. Sentencing Guidelines to 12 months imprisonment and three years of supervised release. Appellant claims error because the district court increased her offense level by 2 after finding that she was an "organizer, leader, manager or supervisor" under U.S.S.G. Sec. 3B1.1(c), and because the district court denied her a 2 level reduction under U.S.S.G. Sec. 3E1.1 for acceptance of responsibility. We find no merit to either exception, and we affirm.
 
 
 2
 Appellant claims that her participation in the bank frauds was minimal and that she only did what she was told to do by one Butch Johnson. However, the record reveals that she is a well educated and experienced woman. She graduated from the University of South Carolina School of Nursing, has been head nursing commissioner at Richland Memorial Hospital and head nurse and supervisor at the South Carolina Department of Health. She owned and operated Alpha Medical Services, which provided temporary technical nursing services, and she also operates Action Temporaries, which has a number of employees throughout the state.
 
 
 3
 Her participation in the bank frauds was more than minimal. She opened a personal checking account at the South Carolina Federal Savings and Loan Association in Florence using a fictitious Social Security number and deposited a check in the amount of $2700 drawn on the closed account of American Shelter Corporation. Almost immediately she and Butch Johnson cashed checks drawn on this account before the savings and loan could determine that the American Shelter Corporation check was worthless. This resulted in a loss of $1600 to the S. & L. Thereafter she opened an account in the name of Alpha Medical Care at Palmetto State Savings Bank in Marion, South Carolina, using a fictitious Social Security number, different from the one she had used to open the first account, and she deposited $3,400 drawn on American Shelter Corporation and received $500 in cash at the time of this deposit causing a loss to the bank.
 
 
 4
 Appellant also recruited one Loretta Scott into the scheme. Scott worked for appellant at Alpha Medical Services, and she opened an account at Security Federal Savings and Loan using a fictitious Social Security number and deposited a $4,500 American Shelter Corporation check and a check drawn on appellant's account at First Union National Bank in Florence. During the next three days, $4,900 was withdrawn from this account, all to the S. & L.'s loss. In March 1988, appellant opened three savings accounts at three different banks using three different variations of her Social Security number and deposited a number of checks drawn on Alpha Medical Services and made withdrawals resulting in losses to these banks in the amount of $6,500.
 
 
 5
 As a part of the operation of this scheme, appellant kept the checkbook, wrote the checks, signed the checks in blank and cashed a number of them. In finding that appellant had a leadership role in the crime, the trial judge was not restricted to the one count upon which her plea of guilty was entered, but he could consider the entire scheme and her actions taken in connection with the other counts in the indictment. The judge found that she had a leadership role in the bank frauds. This is a finding of fact that may not be disturbed on appeal unless it is found to be clearly erroneous. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). We conclude that the district judge's finding as to appellant's role in this criminal activity is not clearly erroneous.
 
 
 6
 Appellant claims that she should have been granted a 2 level downward departure pursuant to U.S.S.G. Sec. 3E1.1 for acceptance of responsibility. It is the defendant's burden to prove acceptance of responsibility by a preponderance of the evidence. The district court's finding on this issue is factual and reviewable under the clearly erroneous standard. United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.1989). Appellant argues that she pled guilty to one count, was willing to cooperate with the government, showed remorse for her actions and made restitution on all of her bad checks. However, she did not convince the sentencing judge. She blamed her problems on other people. She stated that she was "one of the most misunderstood people in America," she claimed that she never had any criminal intent, and that she had been victimized and coerced into her actions. The district court concluded that these were not the statements of a defendant clearly recognizing and affirming personal responsibility for her criminal conduct. We find the district court's denial of a reduction was not clearly erroneous.
 
 
 7
 AFFIRMED.